David M. Cook, Bar # 7043
Attorney for the Debtor(s)
716 East 4500 South, Ste. N240
Murray, UT 84107
Phone: (801) 264-0699
Fax: (801) 264-8494
E-mail: cook@utlawyer.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| IN RE: Allen Kerr<br>Gina Torres<br><br>Address: 270 S. 450 W., Layton, UT 84041<br>Last four digits of Social Security No:<br>xxx-xx-0451 and xxx-xx-1518<br><br>Debtor(s). | Bankruptcy No. 12-29200<br>Chapter 13<br>Filed Electronically |
|---|---|

**APPLICATION FOR ATTORNEY'S FEES & COSTS**

Applicant, David M. Cook, hereby declares the following under penalty of perjury and represents as follows:

1. Applicant is entitled to reasonable compensation[1] for services pursuant to 11 U.S.C. §330(a)(4)(B).

2. Applicant is a duly licensed attorney, and was the attorney for Debtor(s) in this case, and

---

[1] In *In Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548 (1984) and *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64, 106 S.Ct. 3088, 3097–98 (1986), the Supreme Court emphasized that the "basic standard" for finding reasonable fees is the determination of reasonable hours and rates. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). This method of determination is generally referred to as the "lodestar" calculation.

his services and their value are listed on attached "Exhibit A" [11 U.S.C. §330(a)(3)(A)].[2]

3. All services for which compensation is requested were in connection with said bankruptcy proceedings and not in any other matter; and all services were performed within a reasonable amount of time commensurate with the novelty, difficulty, complexity, importance, and nature of the problems, issues, or tasks addressed [11 U.S.C. §330(a)(3)(D); *Johnson* Factor No. 2].

4. The compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in this District in cases other than cases under the Bankruptcy Code [11 U.S.C. §330(a)(3)(F); *Johnson* Factor No. 3].

5. The amount of time spent by Applicant and his office required to perform the services listed on Exhibit A required in this proceeding with the issues and procedures involved herein necessarily blocked out time and thereby precluded Applicant from having those times available which could have been used on other cases [*Johnson* Factor No. 4].

6. The source of compensation is the Debtor(s) through their Plan and Debtor(s) have agreed to pay the following fixed hourly rates for reasonable and necessary work which is applicant's customary fee in cases in and other than under the Bankruptcy Code:

   a. $195.00 per hour for attorneys time, and

   b. $45.00 per hour for paralegal work [11 U.S.C. §330(a)(3)(B); *Johnson* Factor

---

[2] *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714, 717 (5th Cir. 1974) Factor No. 1 [hereafter referred to as "*Johnson* Factor"] long ago adopted in Tenth Circuit as recently reiterated in *In re Market Center East Retail Property, Inc.* 730 F. 3d 1239, 1246-1247 (10th Cir. 2015) as follows:
> In this circuit, the adjusted lodestar approach is used to calculate reasonable attorney's fees under 11 U.S.C. § 330(a). *In re Commercial Fin. Servs.*, 427 F.3d at 811. "The lodestar analysis takes into account each of the factors specifically mentioned in § 330(a)(3) plus additional relevant factors." *Id.* . . . Subsequent to the adoption of § 330, this circuit has continued to consider the *Johnson* factors in addition to the § 330(a) factors in determining reasonable attorney's fees. *See In re Commercial Fin. Servs.*, 427 F.3d at 811; *In re Miniscribe Corp.*, 309 F.3d 1234, 1244 (10th Cir.2002) ("This court has long applied the Johnson lodestar factors to assess `reasonableness' of attorney's fees in a variety of contexts ... and has also specifically determined that the test applies to attorney fee determinations under § 330(a)(1).").

      Nos. 5 and 6].

7. Cases and proceedings under the Bankruptcy Code and Bankruptcy Rules such as the instant one have strict time constraints imposed by statute, rule or order within which services must be performed [*Johnson* Factor No. 7].

8. The services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the motion in issue which is expected to result in having the claim disallowed, reduced or reclassified as requested which benefits both the Debtor(s) and the bankruptcy estate[11 U.S.C. §330(a)(3)(C); 11 U.S.C. §330(a)(4)(B); *Johnson* Factor No. 8].

9. Applicant has practiced in the bankruptcy field since 1995, has substantial skill and experience in bankruptcy matters and is a recognized respected member of the Bankruptcy bar in this Court. Applicant's paralegal who practiced in the bankruptcy field in this Court from 1978 to 2005 and also has substantial skill and experience in bankruptcy matters being compensated at a paralegal rate is a highly cost effective beneficial discount to Applicant, the Debtor(s) and the bankruptcy estate [11 U.S.C. §330(a)(3)(E); *Johnson* Factor No. 9].

10. It is unlikely that many, if any, other counsel would accept a proceeding such as the instant one which renders the proceeding undesirable for most counsel [*Johnson* Factor No. 10].

11. Applicant was retained by Debtor(s) from immediately before the filing of this case July 17, 2012 through presently [*Johnson* Factor No. 11].

12. The award sought is comparable to awards in similar cases for similar services for similarly skilled counsel [*Johnson* Factor 12].

13. **Contemporaneous record of time spent:** This Application is a pdf upload of a fee application maintained as a WordPerfect digital software document in the client(s)' BestCase software file as a rolling log for entries which were made therein contemporaneously when the services described in Exhibit A were rendered.

14. No compensation has been shared between applicant and any other entity in connection

with this case.

15. Applicant does not hold an interest adverse to Debtor(s).

16. *Narrative description of services rendered* - advise client on process, consult with realtor and review necessary documents and draft, prepare, file and mail motion and notice of opportunity for hearing.

Wherefore, having fully set forth each of the factual bases for relief under each legal factor pursuant to 11 U.S.C. §330(a)(3) and *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714, 717 (5th Cir. 1974) as required in the Tenth Circuit, David M. Cook requests that the Court approve and allow the requested compensation of $750.00 for this Motion as an administrative expense to be paid from available funds.

DATED this 8th day of April, 2015.

/s/ David M. Cook
Attorney for the Debtors

EXHIBIT A

Attorney Hours = #1
Paralegal Hours = #2
Secretarial Hours = #3

| Date | #1 | #2 | Description |
|---|---|---|---|
| March 2, 2015 | .5 | | Consultation with client regarding sale of home |
| April 1, 2015 | .5 | | Email to real estate agent regarding information needed and procedures required |
| April 2, 2015 | .5 | | Emails x 2 to and from real estate agent regarding information needed and procedures required |
| April 9, 2015 | .5 | | Telephone consultation with real estate agent regarding information and documents needed and procedures required |
| April 9, 2015 | .5 | | Telephone call to client regarding mortgage arrearage, cure through Plan, sale |
| April 9, 2015 | .5 | | Receive and review REPC and HUD-1 (.35), review claims register (.15) |

| Date | | | Description |
|---|---|---|---|
| April 8, 2015 | | .15 | Review Listing Agreement and realtor declaration |
| April 9, 2015 | .25 | | Email to real estate agent regarding additional documents needed |
| April 10, 2015 | 1.0 | | Met with client regarding selling home |
| April 18, 2015 | .15 | | Draft realtor declaration |
| April 18, 2015 | | .15 | Final edit and email realtor declaration |
| April 18, 2015 | 1.0 | | Drafted Motion to approve sale, appoint real estate agent, notice of opportunity for hearing, fee application. |
| April 18, 2015 | | .5 | Final edits Motion to approve sale, appoint real estate agent, notice of opportunity for hearing, fee application, file and mail. |
| April __, 2015 | .25 | | Received and filed Affidavit of Agent and Listing Agreement - Trisha Thompson |
| May 6, 2015 | 1.0 | | Anticipated time in 5/13/2015 Court Hearing and/or review court docket and prepare Motion to Enter Order and Order |
| Total Hours | 6.65 | 0.8 | Total hours |
| Subtotal of amounts | $997.50 | $24.00 | |
| **Total Amount** | | | **$1,021.50** |

Mailing Costs:
Number of copies: 48 x 5 @ .15 = $36.00
Postage: .49 x 48 =$23.52
Total Fees and Costs: $1,081.02
Less courtesy discount: $331.02
Total fees and costs sought: **$750.00**

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**
I hereby certify that on April, 2015, I electronically filed the foregoing Application for Attorney's

Fees and Costs with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

| Kevin R. Anderson | U.S. Trustee |
|---|---|
| Chapter 13 Trustee | Via ECF |
| Via ECF | |

**CERTIFICATE OF SERVICE –MAIL, OTHER**

I hereby certify that on April, 2015, I caused to be served a true and correct copy of the foregoing Application for Attorney's Fees and Costs as follows:

__X__ Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to:

Allen Kerr
Gina Torres
270 S. 450 W.
Layton, UT  84041

on this April 18, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/　　　David M. Cook